J-S35027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH DAVIS | |
| Appellant | No. 3725 EDA 2017 |

Appeal from the PCRA Order entered October 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007071-2009

BEFORE:  OLSON, J., STABILE, J., and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 26, 2019**

Appellant, Keith Davis, appeals from the October 20, 2017 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court rejected Appellant's assertions of trial counsel ineffectiveness relating to violations of the Interstate Agreement for Detainers Act ("IADA"), 42 Pa.C.S.A. § 9101.[1]  Finding no error in the PCRA court's ruling, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] As our Supreme Court has explained,

> The IAD is an agreement between 48 states, the District of Columbia, Puerto Rico, and the Virgin Islands that establishes

In March 2010, a jury found Appellant guilty of attempted murder, aggravated assault, and other charges (collectively, "state charges") stemming from a September 2006 shooting in Philadelphia. The trial court sentenced Appellant to an aggregate term of 25 to 50 years in prison. For reasons not important to this appeal, as of early 2009, prior to Appellant's trial in Philadelphia County, Appellant was a federal prisoner housed at FCI-Cumberland, in Cumberland, Maryland. In February 2009, he requested disposition of the pending state charges against him in Pennsylvania pursuant to Article III of the IADA. On or about April 2, 2009, he was transported by

procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against them. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

Article IV of the IAD provides the procedure by which the prosecutor in the requesting state initiates the transfer[.]

***Commonwealth v. Williams***, 896 A.2d 523, 536 n.5 (Pa. 2006). Whereas Article IV provides the procedure for a transfer initiated by the prosecutor in the requesting or "receiving" state, Article III provides the procedure for a transfer initiated by the defendant while incarcerated in the "sending" state. In the instant case, Appellant initiated the process. As such, Article III applies to his case.

two Pennsylvania transport officers to Philadelphia County and was processed on the state charges.

According to testimony presented at an evidentiary PCRA hearing on May 19, 2017, the transport officers prepared to return Appellant to FCI-Cumberland following Appellant's April 2009 arraignment in Philadelphia County. As the Commonwealth explains, and as is borne out by testimony from Appellant's evidentiary hearings,

> [w]hile they were in transit [from Philadelphia to Maryland], Ellen Roberts—an examiner in FCI Cumberland's records office—received a phone call informing her that [Appellant] should not be accepted back into federal custody. When [Appellant] arrived with detectives at the receiving and discharge wing of FCI Cumberland shortly after noon, Roberts informed them that [Appellant] needed to be taken back to Philadelphia, and advised them to contact their office (N.T. 5/19/2017, 29-33).

> While the detectives sorted out [Appellant's] status, FCI Cumberland placed him in a holding cell in the receiving and discharge wing for approximately thirty-six minutes. [Appellant] was never searched, screened for safety concerns, screened for medical purposes, photographed, or had his fingerprint taken—all of which would have been required if he were readmitted to FCI Cumberland's general population. Instead, a Philadelphia detective stayed with [Appellant] during the thirty-six minutes he waited before they transported him back to Philadelphia (N.T. 5/19/2017, 43-56, 60; 5/23/2017, 109-11).

Commonwealth Brief at 3.

As stated previously, Appellant proceeded to trial on the state charges in Philadelphia and, following a guilty verdict, was sentenced in March 2010 to an aggregate term of 25 to 50 years in prison. On direct appeal to this Court, Appellant's counsel filed an ***Anders*** brief presenting one potential issue

- 3 -

for this Court's review: "whether the evidence was sufficient to establish the elements of the crimes." **Commonwealth v. Davis**, 1299 EDA 2010, unpublished memorandum at 3 (Pa. Super. filed April 21, 2011) (quoting Appellant's **Anders** Brief at 7). This Court granted counsel's application to withdraw and affirmed Appellant's judgment of sentence. Our Supreme Court denied his petition for allowance of appeal.

Appellant filed a timely PCRA petition on September 16, 2011. Counsel was subsequently permitted to withdraw and new counsel filed amended petitions, concluding with a fourth amended petition filed on January 18, 2017. In that iteration, Appellant asserted he was transported from FCI-Cumberland to Philadelphia where he was arraigned on the state charges on April 2, 2009; he "was returned to FCI Cumberland as the county prison system was unwilling to house him;" and "[a]fter being returned to federal custody and being signed in at FCI Cumberland, the warrant officers returned to the federal facility, having arranged for [Appellant] to be housed . . . in Philadelphia and transported him back to Philadelphia[.]" Fourth Amended PCRA Petition, 1/18/17, at ¶ 8 (a)-(e). Appellant contended his trial counsel was ineffective for "failing to request that the charges in this matter be dismissed with prejudice pursuant to Article IV(e) and/or Article III [of the IADA]." **Id.** at

¶ 8(g).[2] Appellant requested an evidentiary hearing to "establish the timeline

relating to [Appellant's] removal from the FCI Cumberland, his incarceration

_____

[2] For purposes of this appeal, the relevant provision of Article III and Article IV(e) provide as follows:

> **Article III -** (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, **he shall be brought to trial within 180 days** after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

> (d) . . . If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

> **Article IV -** (e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

J-S35027-19

and arraignment in Philadelphia, his return to FCI Cumberland and his return to Philadelphia." *Id.* at ¶ 9(a).

In response to Appellant's fourth amended petition, the PCRA court held a series of evidentiary hearings, which produced, *inter alia*, the testimony summarized above in the Commonwealth's brief regarding Appellant's travels in relation to the IAD Article III process initiated at Appellant's request. The Commonwealth subsequently filed a motion to dismiss the petition. Following oral argument and submission of briefs, the PCRA court entered an order on October 20, 2017, dismissing the petition. This timely appeal followed.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

42 Pa.C.S.A. §9101, Art. III(a) (emphasis added), (d) and Art. IV(e). Also pertinent are Article V(h) and Article VI(a), which provide in relevant part as follows:

> **Article V** - (h) From the time that a party state receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory **and custody** of the sending state, the state in which the one or more untried indictments, informations or complaints are pending or in which trial is being held shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping and returning the prisoner.

> **Article VI -** (a) In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

42 Pa.C.S.A. § 9101, Art. V(h) (emphasis added), Art. VI(a).

[3] Appellant filed this appeal *pro* se. The PCRA court subsequently granted PCRA counsel's request to withdraw. The court then appointed David W.

- 6 -

Although Appellant filed a *pro se* Rule 1925(b) statement, we remanded for the filing of a counseled Rule 1925(b) statement upon request of appellate counsel. We further directed the PCRA court to file a supplemental Rule 1925(a) opinion. Order, 4/23/18, at 1. Following remand, Appellant filed a Rule 1925(b) statement alleging the following errors complained of on appeal:

> The PCRA Court erred when it denied Appellant Keith Davis' Amended Post-Conviction Relief Act Petition, as the Commonwealth failed to bring Mr. Davis to trial within "180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint" in accordance with Article 3 of the Interstate Agreement on Detainers Act or "within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance" in accordance with Article 4 of the Interstate Agreement on Detainers Act and trial counsel Daniel Santucci, Esq., was ineffective for failing to file a Motion to Dismiss all charges in this matter, pursuant to this violation of the Interstate Agreement on Detainers Act. (*See* 42 Pa.C.S.A. § 9101, entitled, "Agreement on Detainers").

_____

Barrish, Esquire, to represent Appellant. Attorney Barrish entered his appearance on February 23, 2018 and filed a Rule 1925(b) statement on Appellant's behalf on May 14, 2018. Attorney Barrish has filed a petition to withdraw with this Court, noting that Appellant is "presently represented by Aaron Bell, Esq., who is [Appellant's] counsel of choice (as he was privately retained)." Petition to Withdraw, 7/18/19, at ¶ 3. As Attorney Barrish indicates, Attorney Bell entered his appearance with this Court on December 19, 2018 and filed a brief as well as a reply brief on Appellant's behalf. ***Id.*** at ¶ 2. In light of the circumstances, including the lack of any opposition on the part of Appellant, we grant Attorney Barrish's petition to withdraw.

Appellant's Rule 1925(b) Statement, 5/14/18, at 1-2. As reflected in the Rule 1925(b) statement, Appellant's claim of error relates to the number of days that elapsed before Appellant was brought to trial on his state charges and asserts trial counsel ineffectiveness for failing to seek dismissal of the state charges based on the violation of the IADA's time requirements. The PCRA court addressed that contention in its Rule 1925(a) Supplemental Opinion filed on June 13, 2018.

In its opinion, the PCRA court explained that the provisions of Article III of the IADA apply to this case because Appellant sought disposition of the matters pending in Pennsylvania. The court determined that Article III(a)'s 180-day period began on March 4, 2009, the date on which the Commonwealth received the request for final disposition from Appellant. Therefore, the mechanical run date was August 31, 2009. Supplemental Opinion, 6/13/18, at 8. Further, Article VI(a) provides that the running of the time period in Article III "shall be tolled as long as the prisoner is unable to stand trial, **as determined by the court having jurisdiction of the matter**." *Id.* (quoting 42 Pa.C.S.A. § 9101, Art. VI(a) (emphasis added). Moreover, as the PCRA court recognized, our Supreme Court has determined that "delay occasioned by the defendant is excludable[.]" **Commonwealth v. Montione**, 720 A.2d 738, 741 (Pa. 1998).

The PCRA court reviewed the various "'reasonable continuances' stemming from the unavailability of defense counsel and the lack of the jury

panel," and determined they "constituted 'good cause shown' for purpose[s] of the IADA." Supplemental Opinion, 6/13/18, at 8-10. Therefore, even though the trial did not begin until March 23, 2010, the timeliness requirement of Article III was not violated. *Id.* at 10. "In light of the foregoing, trial counsel was not ineffective for failure to file a frivolous motion to dismiss charges against [Appellant], nor did this court commit error by dismissing the instant meritless PCRA petition." *Id.* at 11.

Although Appellant's Rule 1925(b) statement preserved only the issue of timeliness with respect to bringing Appellant to trial on the state charges, Appellant is now asking us to consider two issues in this appeal as follows:

> I.   Was trial counsel ineffective for failing to file a motion to dismiss when [Appellant] was not brought to trial within 180 days, as required by Article III of the [IAD], prior to being returned to his original place of confinement?
>
> II.  According to Article III of the Interstate Agreement on Detainers, is the trial court's judgment of sentence illegal because the charges against [Appellant] are void and without legal "force of effect" based upon the Commonwealth's return of him to his original place of confinement prior to trial?

Appellant's Brief at 2. Appellant indicates that the first of his issues was preserved in his Rule 1925(b) statement while acknowledging he is raising the second issue for the first time in this appeal, contending it involves legality of sentence, which cannot be waived. *Id.* at 2, 14 n.3.

On its face, Appellant's first issue may not appear to represent a drastic departure from the issue preserved in his Rule 1925(b) statement. However,

a review of Appellant's argument proves otherwise. In his brief, Appellant focuses on the failure to bring Appellant to trial "within 180 days **prior to being returned to FCI-Cumberland**." Appellant's Brief at 8 (emphasis added). Specifically, Appellant argues that he was returned to FCI-Cumberland in April 2009 when the transporters mistakenly embarked on a return trip to FCI-Cumberland, only to be told upon arrival that they were to take Appellant back to Pennsylvania. He asserts that the provisions of Article III(d) require that the trial court enter an order dismissing the state charges. Therefore, "[t]he Commonwealth forfeited its ability to prosecute [Appellant] when it returned him to FCI-Cumberland without first bring[ing] him to trial within 180 days." **Id.** at 9 (citing 42 Pa.C.S.A. § 9101, Art. III(a)(d)).

It is well settled that an issue not preserved in an appellant's Rule 1925(b) statement is waived for appeal. **See, e.g., Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the bright-line rule first enunciated in **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), that "issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."). Because Appellant did not preserve any issue relating to his "return to FCI-Cumberland," the issue is waived.[4]

_____

[4] Even if not waived, Appellant's argument would fail. The record supports the conclusion that Appellant was not "returned" to Maryland. Rather, as reflected above, he remained under the supervision of the Pennsylvania detectives who transported him and was never processed back into FCI-Cumberland. **See, e.g., Commonwealth v. Merlo**, 364 A.2d 391 (Pa. Super.

- 10 -

With regard to the issue preserved in Appellant's 1925(b) statement, *i.e.*, whether the PCRA court erred in failing to find trial counsel ineffective with respect to the 180-day requirement of Article III(a), we note that our standard of review from the denial of PCRA relief is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the

---

1976). In ***Merlo***—although in the context of Article IV(e), this Court explained that "[r]egardless of the time limitation in Article IV(c), Article IV(e) requires that a prisoner **not be returned to the custody of the sending state untried**; if he is the indictments, informations, or complaints must be dismissed with prejudice." ***Id.*** at 396 (emphasis added). Here, Appellant was not "returned" to Maryland before trial. Moreover, Appellant's situation is not analogous to that addressed in ***Alabama v. Bozeman***, 533 U.S. 146 (2001), another Article IV case. As the United States Supreme Court explained, the IADA "basically (1) gives a prisoner the right to demand a trial within 180 days [under Art. III]; and (2) gives a State the right to obtain a prisoner for purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his 'original place of imprisonment' prior to that trial [under Art IV]." ***Id.*** at 151. Bozeman was returned to a Florida federal prison after being arraigned on state charges in Alabama, obtaining counsel, and spending one night in an Alabama prison. Clearly, Bozeman was returned to his "original place of imprisonment" prior to the trial in state court. By contrast, Appellant was not returned to his "original place of imprisonment" in FCI-Cumberland. Rather, for a thirty-six minute period, he was detained in the receiving and discharge wing at the facility while remaining under the supervision of Pennsylvania authorities. No steps were taken that would have been necessary for him to be received back into that facility.

- 11 -

evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

Again, Appellant contends the PCRA court erred by failing to find trial counsel ineffective for failing to seek dismissal of the state charges because "the Commonwealth did not timely dispose of his charges within the 180 days prior to returning him to his original place of confinement." Appellant's Brief at 7. However, as the PCRA court explained, Appellant was brought to trial in accordance with Article III(a)'s time requirements. More importantly, Appellant did not even address the timeliness argument in his brief, focusing instead on the ramifications of the "return" to FCI-Cumberland, an issue that he waived for failure to preserve it in his Rule 1925(b) statement. Because he has not developed an argument regarding timeliness in his brief, he has abandoned the issue. *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008). Therefore, Appellant is not entitled to relief on his first issue.

Appellant also asks us to consider his second issue, which he frames as a "legality of sentence" issue. He argues that, in light of Article III of the IADA, the trial court's judgment of sentence was illegal because the Commonwealth returned Appellant to FCI-Cumberland prior to his trial on state charges. By doing so, he contends, "[t]he Commonwealth deprived itself of all statutory authority to bring [Appellant] to trial and impose any judgment of sentence on the pending charges." Appellant's Brief at 16. While we are cognizant that a challenge to the legality of a sentence cannot be waived and

need not be preserved in order to raise it on appeal, we agree with the Commonwealth that Appellant's issue is not raising a legality of sentence issue or an issue that is even cognizable under the PCRA.

As the Commonwealth asserts, a claim is cognizable under the PCRA if "(1) [the petitioner] has been convicted of a crime under the laws of this Commonwealth; (2) he is serving a sentence of imprisonment, probation or parole for the crime; and (3) his conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S.A. § 9543(a)(2)[.]" Commonwealth Brief at 9 (quoting **Commonwealth v. Descardes**, 136 A.3d 493, 499 Pa. 2016)). Those seven errors are:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

- 13 -

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2). In his brief, Appellant does not suggest that his conviction or sentence resulted from any of the listed errors. Clearly, subsections (i) through (vii) are inapplicable. To the extent Appellant might suggest the trial court lacked jurisdiction to try or to sentence him, Appellant cannot succeed. This Court has previously ruled that Article IV(e) of the IADA "is not a jurisdictional provision, but a personal statutory right. As such, it is waivable." *Commonwealth v. Mallon*, 421 A.2d 234, 238 (Pa. Super. 1980) (citations omitted). Article III(d), which substantially parallels Article IV(e), provides:

> (d) . . . If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

42 Pa.C.S.A. § 9101, Art. III(d).[5] Just as Article IV(e) is not a jurisdictional provision, Article III(e) is not a jurisdictional provision. Therefore, Appellant's

---

[5] The wording of Article IV(e) addressed by this Court in *Mallon* differs slightly, as the highlighted language illustrates:

> **Article IV -** (e) If trial is not had on any indictment, information or complaint contemplated hereby **prior to the prisoner's being returned to the original place of imprisonment pursuant to**

- 14 -

issue does not fall under Section 9543(a)(2)(viii) and there is no other cognizable basis available. Moreover, as the PCRA court explained in its supplemental opinion, Appellant was brought to trial within the required 180-day time period when the continuances and delays occasioned by Appellant were calculated. *See* Supplemental Opinion, 6/13/18, at 8-10. Therefore, there was no basis for triggering the dismissal of charges under Article III(d) and Appellant would not be entitled to any relief, even if his "legality of sentence" issue were cognizable under the PCRA.

We find the PCRA court's findings of fact are supported by the record and we discern no error of law in its denial of Appellant's petition. Therefore, we shall not disturb the court's ruling.

Petition to withdraw of David W. Barrish, Esq., granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/19

---

Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

42 Pa.C.S.A. § 9101, Art. IV(e) (emphasis added).